HATHORN *et al. v.* STATE.[*]

(Division A.   Dec. 10, 1928.)

[119 So. 303.   No. 27622.]

*Corpus Juris-Cyc. References: Fish, 26CJ, section 48, p. 628, n. 35; On the question as to prohibition or regulation of fishing over private land, see annotation in 39 L. R. A. 584; 60 L. R. A. 481; L. R. A. 1916E, 523; 11 R. C. L. 1017; 2 R. C. L. Supp. 1350.

*Z. A. Brantley,* for appellants.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

*Z. A. Brantley,* in reply for appellant.

SMITH, C. J.   This is an appeal from a conviction for unlawfully taking game fish out of a pond or lake with a seine in violation of subsection (b) of section 9, chapter 178, Laws of 1926, which provides:

"It shall be unlawful to take or kill game fish in any way except by hook and line or dip nets, except in

private ponds or in barrow pits, or overflow ponds which go dry in summer, when same is cut off from the regular stream.''

The evidence discloses, without real conflict, that the pond or lake from which the fish were taken is about one-half or three-quarters of a mile long, and is parallel with, and only a short distance from, a large creek; that it connects with said creek at each end, and is fed entirely by overflow from the creek at its upper connection therewith. When the water in the creek is low, it ceases to flow into the lake or pond, and frequently during the summer the lake is practically dry, with the exception of one or two holes, across which a man can step, and at times is wholly dry.

On this evidence, the lake or pond in question must be characterized as an overflow pond which goes dry in the summer when cut off from the regular stream.

The evidence there discloses that no crime was committed by the appellants, from which it follows that the court below should have granted the appellants' request for a directed verdict of not guilty.

*Reversed, and judgment here for the appellants.*